**SHELBY'S, INC., a Missouri corporation, Plaintiff–Respondent,**

v.

**SIERRA BRAVO, INC., an Illinois corporation, Defendant–Appellant.**

No. 24305.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 2002.

Steven M. Cockriel, St. Louis, for appellant.

J.D. Baker, Osceola, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Shelby's, Inc. ("Respondent") brought an action against Sierra Bravo, Inc. ("Appellant") for breach of an oral contract for the building of a waterway and a building pad on Respondent's property. Appellant contends that the trial court should have granted its motion for judgment notwith-

standing the verdict because the contract was unenforceable under the statute of frauds. We disagree and affirm the trial court.

On May 10, 1999 Appellant and Respondent entered into a written "Waste Disposal Agreement" whereby Respondent gave permission for Appellant to deposit on Respondent's land various waste products, deleterious materials, and debris that were being removed by Appellant in the construction of a highway. Respondent alleged that Appellant orally agreed to construct a waterway and a building pad suitable for a commercial building on Respondent's property and failed to complete that part of the project. Appellant denied the oral agreement and refused to build the waterway and building pad because there was not enough debris from the construction project to do so. The jury awarded $7,185 in damages to Respondent for the breach.

Appellant's sole contention on appeal is that the trial court should have found the oral contract to be unenforceable under the statute of frauds. Appellant cites to § 432.010 for the proposition that a contract for the sale of an interest in land is unenforceable unless it is made in writing, and, therefore, Appellant contends that the deposit of "land" on Respondent's property creates an interest in the sale of land.[1] The parties agree that there are no Missouri cases addressing this issue and that it is reviewable by this court as a question of law. See *Peet v. Randolph*, 33 S.W.3d 614, 621 (Mo.App.E.D.2001) (stating whether the statute of frauds is applicable is a question of law). Appellant's novel argument is that because the right to mine minerals from real property is a contract dealing with the sale of an interest in land (to which the statute of frauds applies),[2] the right to remove dirt, rock, and soil is an interest in land. Appellant argues that while no Missouri court has specifically considered the issue of whether the right to remove dirt, rock, soil, and other fill material from real property is an interest in land to which the statute of frauds applies, every other court that has considered the question has concluded that such a transaction constitutes the sale of an interest in land which must be in writing pursuant to the statute of frauds.[3] Appel-

---

1. Section 432.010 reads in part:

   No action shall be brought to charge ... any person ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith ....
   All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Appellant cites *Norden v. Friedman*, 756 S.W.2d 158 (Mo. banc 1988) for the proposition that the right to mine minerals from real property is a contract dealing with the sale of an interest in land to which the statute of frauds applies. *Norden* held the record was unclear, but if the contract was not to be performed within one year, it would come within the statute of frauds. *Id.* at 161–62.

3. Appellant cites *DePugh v. Mead Corporation*, 79 Ohio App.3d 503, 607 N.E.2d 867 (1992)(which held that because the buyer of clay on the seller's land had to sever the clay by removing several feet of topsoil, the transaction was not the sale of goods within the Uniform Commercial Code and thus must satisfy the statute of frauds); *Tousley–Bixler Construction Co., Inc. v. Colgate Enterprises, Inc.*, 429 N.E.2d 979 (Ind.App.1982); and *DeLuca v. C.W. Blakeslee and Sons, Inc.*, 174 Conn. 535, 391 A.2d 170 (1978). These cases are distinguishable from the case at hand because here it is the seller placing fill on the buyer's land, whereas in the cases cited it is the buyer removing the fill or clay from the seller's land. This is in accord with the Uniform Commercial Code that provides that a contract for the sale of minerals is a contract affecting land if the buyer is to sever the minerals, but not if the seller severs them. U.C.C. § 2–107 (2001). We decline to decide

lant's argument contends that a logical corollary of applying the statute of frauds to the right to remove soil from another person's property is to apply the statute of frauds to the right to deposit soil upon another person's property. We disagree.

We agree with the well-reasoned argument of Respondent that the contract in this case was not a "sale," much less a sale of an interest in lands. The Uniform Commercial Code defines "sale" as consisting of "the passing of title from the seller to the buyer for a price[.]" U.C.C. § 2–106(1) (2001). Here, there was no transfer of ownership or title. The written agreement gave Appellant permission to deposit debris and soil on Respondent's land, not the right to do so. The oral contract was for the construction of a waterway and building pad and passed no interest in the land.

In *Stagner v. Staples,* 427 S.W.2d 763 (Mo.App.1968) the issue was whether a contract to remove trees, stumps, and undergrowth came within the requirement of the statute of frauds that the contract be in writing. This court, while recognizing that the removal of standing timber by the buyer was an interest in land which was encompassed within the statute of frauds, noted that the removal of the timber was simply for the purpose of severance and not to acquire any right or title to the timber until after it was felled and had become personalty.[4] 427 S.W.2d at 766. The court likened the contract to a contract of hire for services in clearing the land, rather than an attempted sale of the land or trees or any interest therein. *Id.* Likewise, Appellant has no interest in the land to deposit the debris, excess dirt, and soil. Appellant agreed to construct a waterway and building pad which is a simple

contract for services. The oral contract did not violate the statute of frauds.

We decline to create a new category to which the statute of frauds applies, that of a contract for services for the deposit of dirt and soil on land. The trial court did not err in denying Appellant's motion for judgment notwithstanding the verdict. Appellant's point is denied and the judgment of the trial court is affirmed.

GARRISON, P.J., concurs.

PARRISH, J., concurs in result and files concurring opinion.

JOHN E. PARRISH, Judge, concurring.

I concur in the result. In my opinion this appeal warrants little discussion. The jury found, based on the instructions it received, that the parties had an enforceable agreement. The agreement was partially in writing and partially oral. The written part is a one-page document between a highway construction contractor and a landowner. It acknowledges that the contractor removed various materials from the right-of-way of a highway construction site and that the landowner was giving permission for the waste materials to be deposited on his land. It states:

THEREFORE it is agreed between the parties hereto that the aforementioned various waste products, deleterious materials and debris may be deposited on the [landowner's] land and that said [landowner] shall make no claim for damages from the Contractor, his agents, subcontractors or the Missouri State Highway Commission consequent to such deposit.

---

this issue as it is not before this court and we resolve this appeal on other grounds.

4. The Uniform Commercial Code now has a specific provision dealing with timber as a contract for sale. *See* U.C.C. 2–107(2) (2001).

According to the testimony that supports the verdict rendered, the oral part of the agreement was that the contractor would construct a waterway and building pad suitable for a commercial building on the landowner's property where the materials were to be deposited. Because the agreement was partially written and partially oral, for purposes of determining if it satisfies the statute of frauds, it is considered an oral agreement. *Frostwood Drugs, Inc. v. Fischer & Frichtel Const. Co.,* 352 S.W.2d 694, 698 (Mo.1961); *Quint v. Kingsbury,* 289 S.W. 667, 669 (Mo.App. 1927). Appellant argues that because the materials deposited on the land included dirt, the agreement was for the sale of land; that, therefore, § 432.010, RSMo 1994, required the agreement to be in writing in order to be enforced.

Appellant's argument, under the facts of this case, defies logic. The agreement on which the lawsuit that is the subject of this appeal is based did not give the landowner on whose property dirt and other debris was to be deposited a right to remove anything from anyone else's real estate. It is, therefore, unlike the agreements in the timber and mining cases on which appellant relies. The agreement in this case was not for the sale of real estate. It was for the construction of a waterway and building pad suitable for a commercial building. For those reasons, I concur in the decision to affirm the judgment.